## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

PRETERM-CLEVELAND, INC., *et al.*,      :
      :
      **Plaintiffs,**      :      **Case No. 1:19-cv-00360**
**v.**      :
      :
DAVID YOST, *et al.*,      :      **Judge Barrett**
      :
      **Defendants.**      :

## EXPEDITED MOTION TO FILE SUPPLEMENTAL COMPLAINT

Plaintiffs Preterm-Cleveland, Planned Parenthood Southwest Ohio Region, Sharon Liner, M.D., Planned Parenthood of Greater Ohio, Women's Med Group Professional Corporation, and Capital Care Network of Toledo move to file a supplemental complaint pursuant to Federal Rule of Civil Procedure 15(d).[1] In light of Plaintiffs' need for urgent relief, the Court should expedite its ruling on this motion. And as explained below, the Court should permit supplementation on an expedited basis because it would promote judicial economy and supplementation will not prejudice Defendants.

## BACKGROUND

As the Court is aware, this case challenges Ohio's attempt to ban nearly all abortions. Specifically, this action challenges Ohio Senate Bill 23 ("S.B. 23"), which bans abortions after embryonic or fetal cardiac activity is detected except in extremely narrow circumstances. Verified Compl. for Declaratory & Injunctive Relief ¶¶ 27–28, Doc. 1. Cardiac activity is generally detectable with vaginal ultrasound beginning at approximately six weeks, zero days LMP. *Id.* ¶ 32. *See generally Preterm-Cleveland v. Yost*, 394 F. Supp. 3d 796, 799 (S.D. Ohio 2019).

---

[1] The proposed Supplement to the Verified Complaint is attached as Exhibit A, and redline version showing the changes is attached as Exhibit B.

This Court properly preliminarily enjoined S.B. 23's enforcement, concluding that "based on current United States Supreme Court precedent, . . . Plaintiffs [were] certain to succeed on the merits of their claim that S.B. 23 is unconstitutional on its face." *Id.* at 800, 804. The Court reasoned that S.B. 23 erected "not merely [a] 'substantial,' but, rather, [an] 'insurmountable'" obstacle, and thus, "[a]s a matter of law," the Court's decision in *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833 (1992), "dictate[d] a finding in Plaintiffs' favor on the likelihood of success on the merits." *Id.* at 801. As the Court observed, the Supreme Court has long concluded that "'[b]efore viability, **the State's interests are not strong enough** to support a prohibition of abortion or the imposition of a substantial obstacle to the women's effective right to elect the procedure.'" *Id.* at 803 (emphasis in original) (quoting *Casey*, 505 U.S. at 846).

Despite this Court's injunction, the State is again attempting to ban abortions—this time starting at ten weeks LMP rather than six weeks. Since the Court's preliminary injunction, Defendant Acton, the Director of the Ohio Department of Health ("ODH"), issued an order barring all "non-essential" surgeries and medical procedures in Ohio during the COVID-19 outbreak ("Director's Order"),[2] and ODH has threatened to apply that Order to ban nearly all surgical abortions. As a result, the Director's Order amounts to a ban on abortion for all patients who are more than ten weeks pregnant (as well as a ban on abortion at earlier gestational points among patients for whom medication abortion cannot appropriately be used).

**ARGUMENT**

Federal Rule of Civil Procedure 15(d) provides that a court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that

---

[2] *See* Exhibit B to the Proposed Supplemental Complaint.

happened after the date of the pleading to be supplemented." Supplementation is appropriate when it "will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." 6A Charles A. Wright & Arthur R. Miller et al., Federal Practice and Civil Procedure § 1504 (3d ed. 2016). It is also well established that a supplemental complaint may include "new claims, defenses, and parties to the lawsuit." *Mattox v. Edelman*, 851 F.3d 583, 592 (6th Cir. 2017). The Sixth Circuit has a "liberal policy" in favor of supplemental pleadings. *Id.* at 592; *see also McHenry v. Ford Motor Co.*, 269 F.2d 18, 25 (6th Cir. 1959) (noting that "applications for leave to serve a supplemental complaint are normally granted" and that "[t]he courts give [Rule 15(d)] a liberal construction"); *Ne. Ohio Coal. for the Homeless v. Husted*, 837 F.3d 612, 625 (6th Cir. 2016) ("Rule 15(d) aims to give the court broad discretion in allowing a supplemental pleading." (internal quotation marks omitted)); *Amos v. PPG Indus., Inc.*, No. 2:05-CV-70, 2017 WL 10438752, at *2 (S.D. Ohio Apr. 19, 2017) (Kemp, M.J.) ("A similar standard applies for Rule 15(d) as for Rule 15(a)(2), which states that when a party seeks leave of court in order to file an amended pleading, '[t]he court should freely give leave when justice so requires.'" (quoting *Spies v. Voinovich*, 48 Fed. App'x 520, 527 (6th Cir. 2002))).

This preference for supplementation under Rule 15(d) aims to serve judicial economy. *See, e.g.*, *Griffin v. Cty. Sch. Bd. of Prince Edward Cty.*, 377 U.S. 218, 226 (1964) ("Such amendments [under Rule 15(d)] are well within the basic aim of the rules to make pleadings a means to achieve an orderly and fair administration of justice."). Supplementation is so favored that "if [the] defendant does not show that he will be injured by the filing of such amendments, applications under Rule 15(d) are 'normally granted.'" *Amos*, 2017 WL 10438752, at *2 (quoting

*McHenry*, 269 F.2d at 25); *see also Vernay Labs., Inc. v. Indus. Elec. Rubber Co.*, 234 F. Supp. 161, 167 (N.D. Ohio 1964); *Hairston v. Bowerman*, No. 3:19-CV-37, 2020 WL 1140068, at *3 (N.D. Ohio Mar. 9, 2020) ("The Federal Civil Rules embrace liberal pleading standards and, unless a proposed pleading would result in undue prejudice to the opposing party, has been unduly delayed, has not been offered in good faith, or would be futile, leave to amend should be granted." (internal quotation marks omitted)).

In addition, "Rule 15(d) of the Federal Rules of Civil Procedure plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary." *Griffin*, 377 U.S. at 227; *Ne. Ohio Coal. for the Homeless v. Husted*, No. 2:06-CV-00896, 2015 WL 13034990, at *5 (S.D. Ohio Aug. 7, 2015), *amended nunc pro tunc*, No. 2:06-CV-896, 2016 WL 8223066 (S.D. Ohio Mar. 17, 2016) (Marbley, J.) (citing *Griffin* for the proposition that Rule 15(d) contemplates that supplemental factual allegations may give rise to new legal theories and new parties).

For good cause shown, the Court may consider an urgent motion early and expedite its ruling. S.D. Ohio Civ. Rule 7.1(b)(3); *see also Tri Cty. Wholesale Distributors, Inc. v. Labatt USA Operating Co., LLC*, No. 2:13-CV-317, 2013 WL 12180497, at *2 (S.D. Ohio Apr. 22, 2013) (stating that "[c]ourts considering motions to expedite typically apply a 'good cause' standard" and that "[g]ood cause is often found when there is a request for a preliminary injunction" (citation omitted)).

## I.    Supplementation Promotes Judicial Economy

Granting this motion will further the interests underlying Rule 15(d) in multiple respects. First, there is substantial legal and factual overlap between the claims asserted in the original

Verified Complaint and the proposed Supplemental Complaint, and as a result of earlier proceedings in this case, the Court is familiar with the pertinent subject matter. In particular, both pleadings focus on the "central principle" in *Roe v. Wade*, 410 U.S. 113 (1973), that "[b]efore viability, the State's interests are not strong enough to support a prohibition on abortion." *Casey*, 505 U.S. at 846, 871. As this Court recognized in its preliminary injunction decision, S.B. 23's six-week ban on abortion would "have the effect of preventing nearly all [previability] abortions in Ohio," and as such, the obstacle erected would "not merely [be] 'substantial,' but, rather, 'insurmountable.'" *Preterm-Cleveland*, 394 F. Supp. 3d at 801. These findings apply with equal force to the Director's Order, which, if enforced to ban surgical abortions, will ban nearly all abortions at ten weeks and later.

Moreover, as a result of the earlier proceedings in this case (as well as in *Planned Parenthood Southwest Ohio Region v. Yost*, 375 F. Supp. 3d 848 (S.D. Ohio 2019)), the Court has significant familiarity with many of the facts that are relevant to the claims in Plaintiffs' proposed Supplemental Complaint. For instance, these facts include the provision of abortion in Ohio, the safety of abortion, the reasons patients seek abortion, the burdens faced by patients seeking abortion care, and the harms caused by denying or delaying abortion care. As a result of the Court's "familiarity with the subject matter," supplementation would "serv[e] the efficient administration of justice." *Ohio Valley Envtl. Coal. v. U.S. Army Corps of Engineers,* 243 F.R.D. 253, 257 (S.D. W. Va. 2007).

Second, not only is the Court familiar with the overlapping subject matter but the Director's Order, if enforced to ban all surgical abortions, would nullify a majority of the relief the Court granted with its preliminary injunction. According to the latest data from ODH, more

than 56% of abortions in the state in 2018 were surgical abortions.[3] Supplementation is therefore appropriate to "prevent [an] end-run by the State," *United States v. Ohio*, No. 2:08-CV-00475, 2014 WL 1308718, at *4 (S.D. Ohio Mar. 28, 2014) (Marbley, J.), which would "circumvent" the relief ordered by the Court earlier in this litigation, *Griffin*, 377 U.S. at 226.

Third, supplementation will prevent unnecessary duplication of efforts and conserve judicial resources by consolidating most of the same plaintiffs and defendants addressing many of the same facts, issues, and claims in a single lawsuit. *See, e.g.*, *Ohio*, 2014 WL 1308718, at *7 (granting the plaintiff's motion to file a supplemental complaint to avoid "piecemeal litigation and needless waste of judicial resources"). Nearly all of the original plaintiffs seek relief against the same defendants in this action.

For these reasons, if Plaintiffs were required to file a new action, the two actions would clearly be related under Local Rule 3.1(b).[4] Denying supplementation and requiring a new, and related action would result in "pointless formality," and a purpose of Rule 15(d) is to avoid that by promoting an "efficient mechanism for litigating such claims." *United States ex rel. Gadbois*

---

[3] John Paulson & Donna L. Smith, ODH, Induced Abortions in Ohio 23 (2019), https://tinyurl.com/ufxuqpw.

[4] Under the local rule, actions are related if they:

(1) Arise from the same or substantially identical transaction, happening, or event; or

    (2) Call for a determination of the same or substantially identical questions of law or fact; or

    (3) Would entail a substantial duplication of effort and expense by the Court and the parties if heard by different Judges; or

    (4) Seek relief that could result in a party's being subject to conflicting orders of this Court.

S.D. Ohio Civ. Rule 3.1(b).

*v. PharMerica Corp.*, 809 F.3d 1, 4 (1st Cir. 2015) (citing *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1186–87 (10th Cir. 2015)).[5] Accordingly, under the Sixth Circuit's liberal standard for allowing supplementation, Plaintiffs' motion should be granted.

## II.     Supplementation Will Not Prejudice Defendants

The filing of the proposed Supplemental Complaint will not prejudice Defendants. The parties have not engaged in any discovery, and there has been no significant activity in the case since briefing completed on Plaintiffs' motion for judgment on the pleadings. Indeed, a discovery schedule has not yet been set because the Court delayed the filing of the parties' Rule 26(f) Report until fourteen days after the Court rules on Plaintiffs' motion for judgment on the pleadings. *See* Notation Order (Sept. 11, 2019). Thus, no party would be prejudiced by supplementation. *See Phelps v. McClellan*, 30 F.3d 658, 662–63 (6th Cir. 1994) ("In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction."); *Sims v. Montgomery Cty. Comm'n*, 873 F. Supp. 585, 610 (M.D. Ala. 1994) (finding defendants would suffer no prejudice from amendment when, *inter alia*, they would not be subject to any additional discovery or trial preparation); *Ohio*, 2014 WL 1308718, at *7 (same).

---

[5] *See also Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) ("[I]t is appropriate for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation."); *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28–29 (4th Cir. 1963) ("Rule 15(d) of the Federal Rules of Civil Procedure provides for such a supplemental pleading. It is a useful device, enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted. So useful they are and of such service in the efficient administration of justice that they ought to be allowed as of course . . . .").

he

Finally, Plaintiffs bring this motion in good faith—to preserve the full scope of the Court's preliminary injunction, which protects Plaintiffs' patients' constitutional rights. The filing of the proposed Supplemental Complaint is not futile, as it is not designed to correct any deficiencies in the original Verified Complaint but instead to add new claims and a new plaintiff (and the factual allegations necessary for that purpose).

Thus, supplementation will not prejudice Defendants, and the Court should grant Plaintiffs' motion.

## CONCLUSION

Good cause exists for an expedited ruling on this motion, given Plaintiffs' need for urgent relief. For the reasons set forth above, the Court should grant this motion and permit Plaintiffs to file the attached proposed Supplemental Complaint.

Dated: March 30, 2020

Respectfully Submitted,

/s/ B. Jessie Hill
B. Jessie Hill #0074770
*Trial Attorney for Plaintiffs*
Cooperating Counsel for the American Civil
Liberties Union of Ohio Foundation
American Civil Liberties Union of Ohio
4506 Chester Ave.
Cleveland, OH 44103
(216) 368-0553
(216) 368-2086 (fax)
bjh11@cwru.edu
*Counsel for Plaintiff Preterm-Cleveland*

Elizabeth Watson*
Rachel Reeves*
Brigitte Amiri*

American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2633
(212) 549-2650 (fax)
ewatson@aclu.org
rreeves@aclu.org
bamiri@aclu.org
*Counsel for Plaintiff Preterm-Cleveland*

Carrie Y. Flaxman**
Richard Muniz*
Planned Parenthood Federation of America
1110 Vermont Ave NW, Suite 300
Washington, DC 20005
(202) 973-4800
(202) 296-3480 (fax)
richard.muniz@ppfa.org
julie.murray@ppfa.org
*Counsel for Plaintiffs Planned Parenthood*
*Southwest Ohio Region, Planned Parenthood*
*of Greater Ohio, and Sharon Liner, M.D.*

Hana Bajramovic**
Planned Parenthood Federation of America
123 William Street, Floor 9
New York, NY 10038
(212) 541-7800
(212) 247-6811 (fax)
hana.bajramovic@ppfa.org
*Counsel for Plaintiffs Planned Parenthood*
*Southwest Ohio Region, Planned Parenthood*
*of Greater Ohio, and Sharon Liner, M.D*

Jennifer L. Branch # 0038893
Alphonse A. Gerhardstein # 0032053
Gerhardstein & Branch Co. LPA
441 Vine Street, Suite 3400
Cincinnati, OH 45202
(513) 621-9100

9

(513) 345-5543 (fax)
jbranch@gbfirm.com
agerhardstein@gbfirm.com
*Counsel for Plaintiffs Planned Parenthood
Southwest Ohio Region, Planned
Parenthood of Greater Ohio, Sharon Liner,
M.D., Women's Med Group Professional
Corporation and Capital Care Network of
Toledo*

Freda J. Levenson #0045916
American Civil Liberties Union of Ohio
Foundation
4506 Chester Avenue
Cleveland, OH 44103
(614) 586-1972 x 125
(216) 472-2210 (fax)
flevenson@acluohio.org
*Counsel for Plaintiff Preterm-Cleveland*

\* *Admitted pro hac vice*
\*\* *Pro hac vice forthcoming*