**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Preterm-Cleveland, et al., | : | |
| Plaintiffs, | : | Case No. 1:19-cv-00360 |
| vs. | : | Judge Michael R. Barrett |
| Attorney General of Ohio, et al., | : | |
| Defendants. | : | |

**ORDER**

This matter is before the Court on the Request for a Stay of the Temporary Restraining Order by Defendants Attorney General of Ohio, Director of the Ohio Department of Health, and State Medical Board of Ohio. (Doc. 50). Defendants also notified the Court of their interlocutory appeal of the Temporary Restraining Order to the U.S. Court of Appeals for the Sixth Circuit. *Id.*; *see* (Docket No. 20-03365, (Doc. 10) (Defendants-Appellants' "Combined Emergency Motion for Stay Pending Appeal and Merits Brief")).

After a review of Defendants' brief on appeal to the Sixth Circuit, the Court is compelled to note that, in their Motion for a Temporary Restraining Order and/or Preliminary Injunction, Plaintiffs sought to address the lack of clarification by Defendants as to what procedures Plaintiffs could legally perform, in light of the civil and criminal consequences of violating the Director's Order. (Doc. 42). During the two telephonic conferences that the Court held with the parties on March 30, 2020, Defendants informed the Court that they would offer no such clarification. Accordingly, in recognizing the

intersection between the emerging crisis throughout the State of Ohio and United States of America due to COVID-19 and Plaintiffs' patients' fundamental constitutional rights, the Court issued the Temporary Restraining Order. The Court held that, "[i]f a healthcare provider determines, on a case-by-case basis, that the surgical procedure is medically indicated and cannot be delayed, based on the timing of pre-viability or other medical conditions said procedure is determined legally essential to preserve a woman's right to constitutionally protected access to abortions." (Doc. 43, PageID 869). In so holding, the Court noted that the Director's Order explained that:

> 2. A non-essential surgery is a procedure that can be delayed *without undue risk to the current or future health of a patient*. Examples of criteria to consider include:
>     a. Threat to the patient's life if surgery or procedure is not performed;
>     b. Threat of permanent dysfunction of an extremity or organ system;
>     c. Risk of metastasis or progression of staging; or
>     d. Risk of rapidly worsening to severe symptoms (time sensitive)

(*Id.*, PageID 863) (citing (Doc. 41-1, PageID 698-701)) (emphasis added).

A logical reading of the above criteria from the Director's Order would indicate that a procedure is essential if a postponement results in irreversible conditions. This Court's Temporary Restraining Order follows that logic. It clarifies when surgical abortions are essential: when they are necessary because of medical reasons (which implicate "undue risk to the current or future health of the patient") or because of the timing vis-à-vis pre-viability (which the State concedes to be valid).

To be sure, the Court agrees with Defendants' Statement of the Issue in their appellate brief: "Does the Constitution bar States from requiring abortion providers to delay abortions or alter their methods, without denying anyone the right to abortion, when doing so is necessary to preserve equipment needed to combat the spread of a lethal

once-in-a-lifetime pandemic?" (Docket No. 20-03365, (Doc. 10, p.3)). The Court agrees with Defendants' assertions that "[the Director's Order] also means that doctors must delay surgical abortions *that can be delayed* without jeopardizing the patient's ability to secure pre-viability abortion. Doctors remain free to perform surgical abortions necessary for the mother's health or life, and also surgical abortions that cannot be delayed without jeopardizing the patient's abortion rights." (*Id.*, p.4) (emphasis in original). The Court also agrees with Defendants' assertions that, "the Director's Order permits surgeries that are necessary rather than elective. That means women can get a surgical abortion when necessary to save their lives or to prevent a serious health complication. It also means that doctors can perform abortions when, given the time constraints, delay means depriving the patient of the ability to abort." (*Id.*, p.24). Defendants misunderstand the Temporary Restraining Order to the extent they argue that the Court's holding suggests otherwise.

The Court carefully limited its Temporary Restraining Order to ensure that Plaintiffs, on a case-by-case basis, can provide a surgical abortion, if necessary, to protect the mother's health or life or to preserve the mother's exercise of her Fourteenth Amendment right to a pre-viability abortion. (Doc. 43, PageID 868-69). Under a rational reading of the Temporary Restraining Order, nothing in it permits a blanket "on-demand provision of elective abortions," (Docket No. 20-03365, (Doc. 10, p.5), and Plaintiffs may not perform surgical abortions if they can induce the same abortion medicinally or perform abortions that can be delayed without jeopardizing the mother's health, life, or ability to exercise her Fourteenth Amendment right to a pre-viability abortion (Doc. 43, PageID 868-69).

In light of the foregoing, it is hereby **ORDERED** that Defendants' Request for a Stay of the Court's Temporary Restraining Order (Doc. 50) is **DENIED**.

**IT IS SO ORDERED.**

        __/s Michael R. Barrett_____
        Michael R. Barrett, Judge
        United States District Court