## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

PRETERM-CLEVELAND, INC., *et al.*,              :
                                                :
        Plaintiffs,              :              Case No. 1:19-cv-00360
v.                                              :
                                                :
DAVID YOST, *et al.*,                           :              Judge Barrett
                                                :
        Defendants.              :


### MOTION TO CLARIFY TEMPORARY RESTRAINING ORDER

Plaintiffs have complied with the Director's Order since it was implemented and followed this Court's Temporary Restraining Order since March 31, 2020. (Doc. 43). In compliance with the TRO, Plaintiffs' physicians are 1) providing medication abortion, rather than surgical abortion, when appropriate, and 2) delaying surgical abortions unless in the doctor's determination, on a case-by-case basis, a delay would increase the health risks to the patient.

The State argued to the Court of Appeals that the Director's Order means "that doctors must delay surgical abortions that can be delayed without jeopardizing the patient's ability to secure a pre-viability abortion," thus apparently asserting that all pre-viability abortions must be delayed until the patient is at or near the legal limit. State's Motion for Stay, Doc. 10, COA 20-3365 at 4 (emphasis omitted). However, the State changed its interpretation of the Director's Order and said in its Reply brief, that the Director's Order "require[ed] [Plaintiffs] to perform abortions without surgery, and to delay surgical abortions, where possible. That is all the Director's Order does." (Reply Brief, Doc. 16, COA 20-3365). If this latest position of the State

is its final decision, then this is what Plaintiffs have been doing, before the cease and desist letter, after the cease and desist letter, and since the inspections occurred a week ago. But given the State's vitriol toward abortion providers in its pleadings, Plaintiffs cannot rely on the State's non-interpretations and shifting interpretations and therefore continue to need the protection of a TRO.[1]

The Court's Order Denying a Stay of the TRO pending appeal agrees with the State that "'women can get a surgical abortion when necessary to save their lives or to prevent a serious health complication,'" and "if necessary to protect the mother's health." (Order denying stay, Doc. 52, PageID# 1023.)  However, the Court also states that Plaintiffs may not perform surgical abortions if they "can be delayed without jeopardizing the mother's health."  *Id.*

If the Court's TRO permits surgical abortion when Plaintiffs' physicians determine, in the exercise of their judgment and on a case-by-case basis, that a surgery cannot be delayed, then Plaintiffs do not need clarification of the Court's TRO.  However, if the Court's TRO requires a delay of a certain category of surgical abortions, Plaintiffs seek clarification regarding when surgeries must be delayed and whether Plaintiffs may only perform abortions at or near viability.

Dated: April 1, 2020

Respectfully Submitted,

/s/ B. Jessie Hill
B. Jessie Hill #0074770
*Trial Attorney for Plaintiffs*
Cooperating Counsel for the American Civil

---

[1] The nation's leading medical authority, the American Medical Association, has made clear that "physicians – not politicians – should be the ones deciding which procedures are urgent-emergent and need to be performed, and which ones can wait, in partnership with our patients." Patrice A. Harris, M.D., M.A., President of AMA, AMA Statement on Government Interference in Reproductive Health Care (March 30, 2020), https://www.ama-assn.org/press-center/ama-statements/ama-statement-government-interference-reproductive-health-care.

Liberties Union of Ohio Foundation
American Civil Liberties Union of Ohio
4506 Chester Ave.
Cleveland, OH 44103
(216) 368-0553
(216) 368-2086 (fax)
bjh11@cwru.edu
*Counsel for Plaintiff Preterm-Cleveland*

Elizabeth Watson*
Rachel Reeves*
Brigitte Amiri*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2633
(212) 549-2650 (fax)
ewatson@aclu.org
rreeves@aclu.org
bamiri@aclu.org
*Counsel for Plaintiff Preterm-Cleveland*

Carrie Y. Flaxman**
Richard Muniz*
Planned Parenthood Federation of America
1110 Vermont Ave NW, Suite 300
Washington, DC 20005
(202) 973-4800
(202) 296-3480 (fax)
richard.muniz@ppfa.org
julie.murray@ppfa.org
*Counsel for Plaintiffs Planned Parenthood
Southwest Ohio Region, Planned Parenthood
of Greater Ohio, and Sharon Liner, M.D.*

Hana Bajramovic**
Planned Parenthood Federation of America
123 William Street, Floor 9
New York, NY 10038
(212) 541-7800

3

(212) 247-6811 (fax)
hana.bajramovic@ppfa.org
*Counsel for Plaintiffs Planned Parenthood*
*Southwest Ohio Region, Planned Parenthood*
*of Greater Ohio, and Sharon Liner, M.D*

Jennifer L. Branch # 0038893
Alphonse A. Gerhardstein # 0032053
Gerhardstein & Branch Co. LPA
441 Vine Street, Suite 3400
Cincinnati, OH 45202
(513) 621-9100
(513) 345-5543 (fax)
jbranch@gbfirm.com
agerhardstein@gbfirm.com
*Counsel for Plaintiffs Planned Parenthood*
*Southwest Ohio Region, Planned*
*Parenthood of Greater Ohio, Sharon Liner,*
*M.D., Women's Med Group Professional*
*Corporation and Capital Care Network of*
*Toledo*

Freda J. Levenson #0045916
American Civil Liberties Union of Ohio
Foundation
4506 Chester Avenue
Cleveland, OH 44103
(614) 586-1972 x 125
(216) 472-2210 (fax)
flevenson@acluohio.org
*Counsel for Plaintiff Preterm-Cleveland*

* *Admitted pro hac vice*
** *Pro hac vice forthcoming*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 3, 2020 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties have access to this filing through the Court's system.

<u>/s/ Jennifer L. Branch</u>
Trial Attorney for Plaintiffs