IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| PRETERM-CLEVELAND, et al., | : |
| Plaintiffs, | : Case No. 1:19-cv-00360 |
| v. | : |
| | : Judge Michael R. Barrett |
| ATTORNEY GENERAL OF OHIO, et al., | : |
| Defendants. | : |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY TO THEIR RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Defendants Ohio Department of Health, State Medical Board of Ohio, and Ohio Attorney General Dave Yost respectfully notify this Court of a recent development in a similar case since its prior briefing (Doc. 59):

In *In re Abbott*, No. 20-50296 (5th Cir. Apr. 20, 2020) (attached as Ex. 1), the Fifth Circuit Court of Appeals granted Texas officials a writ of mandamus vacating the district court's temporary restraining order as to the Texas Governor's order postponing "all surgeries and procedures that are not immediately medically necessary to correct a serious medical condition of, or to preserve the life of, a patient who without immediate performance of the surgery or procedure would be at risk for serious adverse medical consequences or death, as determined by the patient's physician." *Id.* at p. 4. Specifically, the temporary restraining order

> restrain[ed] Petitioners from enforcing [the order] as follows: (1) as a categorical ban on all abortions provided by Plaintiffs; (2) as to medication abortions; (3) as to procedural abortion[s] [provided] to any patient who, based on the treating physician's medical judgment, would be more than 18 weeks LMP on April 22, 2020, and likely unable to reach an ambulatory surgical center in Texas or to obtain abortion care; and (4) as to procedural abortion[s] [provided] to any patient

> who, based on the treating physician's medical judgment, would be past the legal limit for an abortion in Texas—22 weeks LMP—on April 22, 2020.

(internal footnote and quotations omitted) *Id.* at pp. 5-6.

Notably, the Fifth Circuit found that the district court "second guessed" the government's strategy to conserve PPE by delaying non-essential procedures.

> For instance, the district court found that delaying abortion access "will not conserve PPE or hospital resources" because women will remain pregnant and thus consume more PPE in the long run. *See Abbott III*, 2020 WL 1815587 at *4, ¶¶ 20–23. But that is not a policy choice federal judges are permitted to make during a public health crisis, if ever. Public authorities are entitled to make a different calculation to protect citizens: even if GA-09 may increase consumption of medical resources in the long run, decreasing consumption now will help weather the immediate surge of COVID-19 cases. Instead of re-weighing the state's cost-benefit calculus, a federal court "must assume that, when [GA-09] was [issued], the [Governor of Texas] was not unaware of these opposing theories, and was compelled, of necessity, to choose between them." *Jacobson*, 197 U.S. at 30. The district court patently erred by doing the opposite. *See Jacobson*, 197 U.S. at 31; *Abbott II*, 2020 WL 1685929, at *7.

*Id.* at p. 26.

                Respectfully Submitted,

                DAVE YOST
                Ohio Attorney General

                */s/ Heather L. Buchanan*
                HEATHER L. BUCHANAN (0083032)
                BRIDGET C. COONTZ (0072919)
                MICHAEL A. WALTON (0092201)
                Assistant Attorneys General
                Constitutional Offices Section
                30 East Broad Street, 16th Floor
                Columbus, Ohio 43215
                Tel: 614-466-2872 | Fax: 614-728-7592
                heather.buchanan@ohioattorneygeneral.gov
                bridget.coontz@ohioattorneygeneral.gov
                michael.walton@ohioattorneygeneral.gov

                *Counsel for Defendants Ohio Department of Health, State Medical Board of Ohio, and Ohio Attorney General Dave Yost*

CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2020, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Heather L. Buchanan*
HEATHER L. BUCHANAN (0083032)
Assistant Attorney Genera