**IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF OHIO**

| | | |
|---|---|---|
| PRETERM-CLEVELAND, INC., et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 1:19-cv-00360 |
| DAVID YOST, et al., | § § § | |
| Defendants. | § | |

## ***AMICUS CURIAE*** **BRIEF OF LEGISLATIVE SUPPORTERS OF SB 23 REGARDING THE SCOPE OF RELIEF**

Amici are Representatives Ronald Hood and Candice Keller, lead sponsors of the House version of Senate Bill 23, the legislation that became the Human Rights and Heartbeat Protection Act, and supporters of the final, adopted Senate version. Rep. Keller was also a cosponsor of SB 23. Amici urge this Court to clarify that the relief it has granted, and will grant, applies only to the criminal ban on abortions after detection of fetal heartbeat in Ohio Revised Code Sec. 2919.195(A). SB 23 contains over a dozen different provisions, while the challenge by plaintiffs focuses on just one of them, namely the criminal ban on post-heartbeat abortions. Yet the preliminary injunction this Court entered (Doc. 29) enjoins "S.B. 23" without distinguishing the various provisions such as the creation of a legislative committee on adoption or new abortion reporting requirements. Moreover, this Court has currently pending before it plaintiffs' motion for judgment on the pleadings (Doc. 31), and if this Court grants that motion, it might be tempted to use the shorthand "S.B. 23" again in describing any relief granted. Given the fact that SB 23 consists of far more than the ban section of Sec. 2919.195(A), this Court should specify in any relief granted precisely what provision, if any, the injunction or judgment affects. Further, this Court should clarify or modify the current preliminary injunction (Doc. 29) to make clear

1

just what is enjoined.

## I. SB 23 CONTAINED MULTIPLE PROVISIONS ASIDE FROM THE CRIMINAL PROHIBITION WHICH PLAINTIFFS CHALLENGE.

Senate Bill 23 is the legislation that became the Human Rights and Heartbeat Protection Act, only a *part* of which plaintiffs challenge in this litigation. The legislation in question (https://www.legislature.ohio.gov/legislation/legislation-summary?id=GA133-SB-23), contained various legislative provisions, including:

- **Consultation re: state informed consent materials** Amending Sec. 2317.56(C)(2) to remove the special privilege of the private organization ACOG having a mandatory consultation role in the formulation of informed consent materials for abortion;

- **Reporting requirements** Amending Sec. 2919.171(A) & (D) regarding reporting requirements for abortions in Ohio;

- **Definitions, severability, reviving provisions** Amending Sec. 2919.19's definition section and adding provisions regarding severability and the resuscitation of provisions should judicial abortion rules relax in future decisions;

- **Limit to intrauterine pregnancies** Adding a new Sec. 2919.191 to limit the reach of the bill to intrauterine pregnancies;

- **Rules and methods for determining fetal heartbeat** Renumbering prior Sec. 2919.191 as 2919.192 and in that section adding mandates for the director of health regarding rules for determining the presence of a fetal heartbeat and amending the law governing the methods for determining the presence of a fetal heartbeat to enhance accuracy;

- **Recordkeeping for heartbeat testing** Replacing prior Sec. 2919.191(B) with a new and amended Sec. 2919.193 requiring testing for the presence of a fetal heartbeat prior

2

to any abortion (except in case of medical emergency) and specifying recordkeeping requirements;

- **Written informed consent form** Renumbering Sec. 2919.192 as 2919.194 and amending this section on informed consent to require the pregnant woman to sign a form acknowledging receipt of the information;

- **Criminal ban on post-heartbeat abortions and statement against implied repeals** Adding a new Sec. 2919.195 to ban abortions after detection of a fetal heartbeat (except in case of medical emergency) and specifying that this provision does not repeal or limit other abortion restrictions;

- **Reporting whether abortion is done for health reasons** Adding a new Sec. 2919.196 requiring reporting on whether the abortion is done for maternal health (or not);

- **Exclusion of contraceptives** Adding a new Sec. 2919.197 explicitly excluding contraceptive measures from the scope of the law;

- **Private civil remedy** Adding a new Sec. 2919.199 creating a civil remedy for post-abortion women;

- **Adoption committee** Adding a new Sec. 2919.1910 creating a joint legislative committee on adoption;

- **Medical Board Forfeitures** Adding a new Sec. 2919.1912 authorizing the state medical board to impose forfeitures for violations of various of the foregoing provisions;

- **Conforming text of medical discipline law** Amending Sec. 4731.22(B)(47) to conform to the foregoing;

- **Adoption/foster care initiatives** Adding a new Sec. 5103.11 creating a foster care and adoption initiatives fund.

The plaintiffs in the present case challenged the ban on post-heartbeat abortions in Sec. 2919.195(A) and *none* of the other foregoing provisions. While referring to SB 23 as "the Ban", Complaint (Doc. 1) ¶1, *id.* ¶27 n.3, the plaintiffs' complaint only articulates legal objections to the criminal prohibition on post-heartbeat abortions. *See id.* ¶3 ("Specifically, the Ban makes it a crime to perform an abortion after detection of cardiac activity"); *id.* ¶27 ("If there is cardiac activity, the Ban makes it a crime to [abort]"); *id.* ¶28 ("The Ban has only two very limited exceptions"); *id.* ¶¶45-46 (allegations of "prohibit[ing] and "ban[ning]"). Count 1, the only count in the original complaint, focuses on "prohibiting abortion prior to viability," *id.* ¶60. The latest supplemental complaint, which adds a challenge to recent COVID-19 measures, repeats the same allegations against SB 23. See Supplement to Verified Complaint (Doc. 48) ¶1, 5-6, 31-33, 66, 85.

While the complaints *mention* some other provisions of SB 23, *e.g.*, Complaint (Doc. 1) ¶27 n.3 (noting legislative instruction to Department of Health regarding adoption of rules on testing for fetal heartbeat); ¶29 (mentioning possible state assessment of forfeiture and state imposition of licensure consequences,[1] as well as potential civil suits by patients[2]), plaintiffs do not purport to *find fault* with any other provision of SB 23 aside from the criminal ban in Sec. 2919.195. Hence, there is no reason there these other important measures should not go into effect. Yet this Court's preliminary injunction (following the phrasing of plaintiffs' proposed order, Doc. 2-2) purports to enjoin "S.B. 23", and this Court's forthcoming ruling on the pending motion of plaintiffs for judgment on the pleadings (Doc.

---

[1] To the extent the forfeiture and licensure provisions are triggered by a violation of the criminal ban in Sec. 2921.195, enjoining the criminal ban removes violation of that ban as a basis for forfeiture or professional discipline by the state. *See also infra* note 3.

[2] A challenge to private civil relief in this suit would not be justiciable. *See infra*.

31) might well continue with this shorthand, creating uncertainty whether the relief applies only to the criminal ban section, Sec. 2919.195(A), or to the entire legislative package.

Importantly, SB 23 itself emphasizes the severability of the various provision of the Act. Sec. 2919.19(B)(4), states, *inter alia*,

> If any provision of this section or sections 2919.171 or 2919.191 to 2919.1913 of the Revised Code is held invalid, or if the application of such provision to any person or circumstance is held invalid, the invalidity of that provision does not affect any other provisions or applications of this section and sections 2919.171 and 2919.191 to 2919.1913 of the Revised Code that can be given effect without the invalid provision or application, and to this end the provisions of this section and sections 2919.171 and 2919.191 to 2919.1913 of the Revised Code are severable as provided in section 1.50 of the Revised Code. In particular, it is the intent of the general assembly that any invalidity or potential invalidity of a provision of this section or sections 2919.171 or 2919.191 to 2919.1913 of the Revised Code is not to impair the immediate and continuing enforceability of the remaining provisions.

In the interest of clarity and to avoid overbroad relief that would needlessly and improperly impair the operation of the many unchallenged legislative provisions, this Court should clarify or modify the current injunction and any future relief. This would be in keeping with the teaching of the Supreme Court on the subject: "We caution . . . that 'standing is not dispensed in gross': A plaintiff's remedy must be tailored to redress the plaintiff's particular injury." *Gill v. Whitford*, 138 S. Ct. 1916, 1934 (2018).

To be sure, insofar as the criminal ban of Sec. 2929.195(A) is enjoined, some other provisions will not be applicable to violations of that criminal ban. For example, forfeitures under Sec. 2919.1912 cannot be imposed for violation of a criminal provision that has been enjoined from taking effect. Likewise a medical practitioner cannot be subjected to adverse licensure action under Sec. 4731.22(B)(9)-(10)[3] for violation of a criminal prohibition that has been enjoined. Hence, an injunction

---

[3] SB 23 did *not* amend these preexisting subparts. The fact that SB 23 did not amend the existing law regarding professional discipline for commission of a felony further illustrates that plaintiffs' dispute is with the criminal prohibition of Sec. 2919.195(A), not with SB 23 as such. An injunction against "SB 23" does not affect the separate, preexisting provisions of

5

against those specific provisions would essentially be superfluous. In any event, aside from these sections, the remaining provisions stand independently of the criminal ban in Sec. 2929.195(A).

In particular, the provision establishing a *civil remedy for women* in Sec. 2919.199 not only *is not* challenged by plaintiffs – it *could not be* challenged. Federal appellate courts have repeatedly and uniformly held that a challenge by a potential defendant to a private civil cause of action simply is not justiciable. *See, e.g., Okpalobi v. Foster*, 244 F.3d 405 (5th Cir. 2001) (en banc); *Hope Clinic v. Ryan*, 249 F.3d 603 (7th Cir. 2001) (per curiam) (en banc); *Nova Health Sys. v. Gandy*, 416 F.3d 1149 (10th Cir. 2005); *Digital Recognition Network, Inc. v. Hutchinson*, 803 F.3d 952 (8th Cir. 2015).

Presumably this Court, in referring to SB 23, was employing shorthand for the criminal prohibition contained in Sec. 2929.195(A). It would make little sense to enjoin provisions – like reporting requirements or the establishment of a joint legislative committee on adoption – which plaintiffs have not challenged and have not alleged to have injured them in any way. Amici therefore urge this Court, to avoid confusion about the scope of relief, and to avoid the inadvertent issuance of relief against unchallenged provisions, to clarify or modify both the current preliminary injunction and any future relief to specify precisely which enacted legislative provisions are affected. While amici would prefer to have the legislation enacted in SB 23 take effect in its entirety, at a minimum the many valuable other provisions of this important legislation should be operational, and operational right now.

---

Ohio licensure law that make commission of a felony a basis for professional discipline. So if that latter provision nevertheless no longer poses a threat once Sec. 2919.195(A) is enjoined, by the same logic, the forfeiture provisions of Sec. 2919.1912 likewise no longer pose a threat once the prohibition of Sec. 2919.195(A) is enjoined.

## II.     CONCLUSION

WHEREFORE, this court should clarify or modify the current preliminary injunction and any future relief to specify which particular provision or provisions enacted through SB 23 are subject to relief, so that the many other, unchallenged, provisions can go into effect.

Dated: May 6, 2020

Respectfully submitted,

/s/ Thomas W. Condit
THOMAS W. CONDIT (Bar #0041299)
P.O. Box 12700
Cincinnati, OH 45212
Tel: (513) 284-9260
Fax: (513) 731-7230
twcondit@fuse.net

Of counsel:

*Walter Weber
American Center for Law & Justice
201 Maryland Ave. NE Washington, DC 20002
Tel: (202) 546-8890
wmweber@aclj-dc.org
*not admitted in this jurisdiction

*David F. Forte
Professor of Law
Cleveland State University
Cleveland-Marshall College of Law
2020 Euclid Avenue
Cleveland, Ohio 44115
*not admitted in this jurisdiction

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing has been sent to all registered users of the Court's CM/ECF system who have appeared in this case.

Cincinnati, Ohio, this 6th day of May, 2020.

*/s/ Thomas W. Condit*
