UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Preterm-Cleveland, et al., | : |
| Plaintiffs, | : Case No. 1:19-cv-00360 |
| vs. | : Judge Michael R. Barrett |
| Attorney General of Ohio, et al., | : |
| Defendants. | : |

## ORDER

This matter is before this Court the Motion for Judgment on the Pleadings and Permanent Injunction filed by Plaintiffs. (Doc. 31). Defendants filed a Response in Opposition (Doc. 35), and Plaintiffs filed a Reply (Doc. 36).[1]

In April 2019, the Ohio General Assembly passed Senate Bill 23, also known as the "Heartbeat Protection Act" ("the Ohio Act"), and Governor Mike DeWine signed the bill into law. The Ohio Act, in a nutshell, bans abortion care at and after approximately six weeks in pregnancy. Before the Ohio Act took effect, this Court preliminarily enjoined Defendants from enforcing or complying with the Act pending further Order of this Court. (Doc. 29). In doing so, this Court concluded that the Ohio Act places an undue burden on a woman's right to choose a pre-viability abortion, and, under *Planned Parenthood of Southeastern Pa. v. Casey*, 505 U.S. 833 (1992), Plaintiffs are certain to succeed on the merits of their claim. (Doc. 29). That preliminary injunction remains in effect in this matter.

---

[1] This Court also permitted amicus curiae to file a brief. (Doc. 86).

In June 2020, the United States Supreme Court ("Supreme Court") issued *June Medical Services L.L.C. v. Russo*, 140 S. Ct. 2103 (2020), wherein a majority of the Supreme Court held that that abortion providers have standing to assert constitutional rights on behalf of their patients when challenging abortion-related laws and regulations. *Id.* at 2120. Additionally, five justices—Justice Breyer, Justice Ginsburg, Justice Sotomayor, Justice Kagan (plurality), and Chief Justice Roberts (concurring)—struck down a Louisiana law requiring abortion providers to have admitting privileges at a local hospital as an unconstitutional substantial burden on women seeking a pre-viability abortion. *Id.* at 2132, 2142.

Two different three-judge panels from the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") appear to disagree on the impact, if any, of the plurality opinion in *June Medical* on the undue burden test that courts apply in deciding challenges to abortion-related laws and regulations. *Compare Bristol Reg'l Women's Ctr., P.C. v. Slatery*, No. 20-6267, 2021 WL 650893 (6th Cir. Feb. 19, 2021), *with EMW Women's Surgical Ctr., P.S.C. v. Friedlander*, 978 F.3d 418 (6th Cir. 2020).

Currently pending before the en banc Sixth Circuit is *Preterm-Cleveland v. Himes*, No. 18-3329 (6th Cir. filed April 12, 2018). In that case, a "panel of the Sixth Circuit addressed a challenge to an Ohio law prohibiting abortion providers from performing an abortion with the knowledge that the decision to abort arises from a diagnosis or indication that the unborn child has Down syndrome." *Memphis Ctr. for Reprod. Health v. Slatery*, No. 3:20-CV-00501, 2020 WL 4274198, at *16 (M.D. Tenn. July 24, 2020) (citing *Preterm-Cleveland v. Himes*, 940 F.3d 318 (6th Cir. 2019)). "The panel held the statute operated as an unconstitutional ban on pre-viability abortions in violation of *Casey*." *Id.* "A majority

of Sixth Circuit judges subsequently voted for rehearing en banc and vacated the panel opinion." *Id.* (citing 944 F.3d 630 (6th Cir. 2019)). The full Court heard oral argument in that matter on March 11, 2020, *i.e.*, before the Supreme Court's decision in *June Medical*. *Preterm-Cleveland v. Himes*, No. 18-3329, Doc. 118. That matter remains pending before the full Court.

Also pending before the Sixth Circuit, though not the full Court, is *Memphis Ctr. for Reprod. Health v. Slatery*, No. 20-5969 (6th Cir. filed Aug. 24, 2020). In that case, a district judge on the U.S. District Court for the Middle District of Tennessee preliminarily enjoined the defendants from enforcing a Tennessee law that, among other things, bans abortion care at and after approximately six weeks in pregnancy. *Memphis Ctr. for Reprod. Health*, 2020 WL 4274198; *see* Tennessee Code Annotated §§ 39–15–216 ("Section 216"). The district judge also preliminary enjoined the defendants from enforcing a Tennessee law that prohibits a physician from performing an abortion upon a pregnant woman if the physician knows that the abortion is sought because of the sex, race, or Down syndrome diagnosis of the unborn child. *Memphis Ctr. for Reprod. Health*, 2020 WL 4274198; *see* Tennessee Code Annotated §§ 39–15–217 ("Section 217"). The Sixth Circuit granted the defendants' motion to stay the preliminary injunction as to Tennessee's Section 217 only. *Memphis Ctr. for Reprod. Health v. Slatery*, No. 20-5969, Doc. 33. Thus, the preliminary injunction of Tennessee's Section 216, *i.e.*, the preliminary injunction of the law that criminalizes pre-viability abortions once a fetal heartbeat is detected, remains in effect while that case is pending before the Sixth Circuit. Oral argument in that case is scheduled for April 29, 2021. *Id.* Doc. 78.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Here, and using its discretion, this Court finds that waiting for the decisions from (1) the en banc Court in *Preterm-Cleveland v. Himes*, No. 18-3329, and any analysis of the impact, if any, of the plurality opinion in *June Medical* on the undue burden test that courts apply in deciding challenges to abortion-related laws and regulations, and (2) the panel in *Memphis Ctr. for Reprod. Health v. Slatery*, No. 20-5969, and any analysis of the constitutionality of Tennessee's Section 216, a law that is similar to the Ohio Act, creates some judicial economy. *See Clinton*, 520 U.S. at 706; *Landis*, 299 U.S. at 254.

In light of the foregoing, it is hereby **ORDERED** that this matter is **STAYED** pending final disposition of all appeals and petitions for certiorari in *Preterm-Cleveland v. Himes*, No. 18-3329, and *Memphis Ctr. for Reprod. Health v. Slatery*, No. 20-5969.

**IT IS SO ORDERED.**

    _/s Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court

4