IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| PRETERM-CLEVELAND, et al., *Plaintiffs*, v. ATTORNEY GENERAL OF OHIO, et al. *Defendants* | Case No.: 1:19-cv-00360<br><br>Judge Michael R. Barrett<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S EMERGENCY MOTION TO DISSOLVE INJUNCTION** |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S EMERGENCY MOTION TO DISSOLVE INJUNCTION**

    Today, the Supreme Court issued its opinion in *Dobbs v. Jackson Women's Health Organization* ("*Jackson Women's Health Organization*"), No. 19-1392; slip op. (U.S. June 24, 2022). Within hours, Defendant Ohio Attorney General David Yost filed an "emergency" motion to dissolve the preliminary injunction this Court entered on July 3, 2019. ECF No. 96. The Court requested a response from Plaintiffs by 3:00 p.m. EDT today. This case is currently stayed by order of this Court pending final disposition of all appeals and petitions for certiorari in *Preterm-Cleveland v. Himes*, No. 18-3329, and *Memphis Ctr. For Reprod. Health v. Slattery*, No. 20-5969. *Preterm-Cleveland v. Yost*, No. 1:19-CV-00360, 2020 WL 1932851 (S.D. Ohio Mar. 30, 2020).

    a. **Federal Rule of Civil Procedure 65(b) Is Inapplicable**

    As an initial matter, Defendant improperly relies on Rule 65(b)(4) for his Motion. Rule 65(b)(4) is inapplicable. Rule 65(b) applies to Temporary Restraining Orders issued without notice, *not* Preliminary Injunctions issued after notice, briefing and hearing. *See* Fed. R. Civ. P.

65(b).  The Court should deny Defendant's request to expedite resolution of this motion on this basis alone.[1]

This Court's standard rule for opposing a motion gives a party twenty-one days after the date of service of the motion to file an opposition.  S.D. Ohio Civ. R. 7.2(a)(2).  Under this rule, Plaintiff's memorandum in opposition is due July 15, 2022.[2]  Plaintiffs intend to respond substantively to Defendant's motion on or before this deadline.

### b. This Court Should Wait to Resolve Any Motion to Vacate the Injunction Until the Supreme Court Has Issued its Judgment in *Jackson Women's Health Organization*

Defendant's motion is premature.  While the Supreme Court's judgment was entered onto the docket today, the judgment will s not *issue* for at least another 25 days.  *See* U.S. Sup. Ct. R. 41 ("Opinions of the Court will be released by the Clerk immediately upon their announcement from the bench, or as the Court otherwise directs. Thereafter, the Clerk will cause the opinions to be issued in slip form . . . ."); U.S. Sup. Ct. R. 44.1 ("Any petition for the rehearing of any judgment or decision of the Court on the merits shall be filed within 25 days after entry of the judgment or decision, unless the Court or a Justice shortens or extends the time." (emphasis added)); U.S. Sup. Ct. R. 45.1-3.

The Supreme Court Rules, along with Stern & Gressman, draw a distinction between the entrance of judgment and the issuance of judgment to the lower court, which occurs 25 days after the entry of judgment, unless a timely petition for rehearing has been filed, in which case judgment is issued upon disposition of that. See supra; Stephen M. Shapiro, et al., Supreme Court Practice § 15.8, p. 848 (10th ed.).  Thus, in *Jackson Women's Health Organization*, any petition for rehearing on the merits may be filed any time before July 19.  This Court should not

---

[1] Even if Rule 65(b)(4) did apply to the Preliminary Injunction entered in this case, which it does not, the Rule requires Defendant provide Plaintiffs with "2 days' notice" that it will "move to dissolve or modify the order."  Fed. R. Civ. P. 65(b)(4).  Defendant provided Plaintiffs with no such notice. While the Court may set "shorter notice," Fed. R. Civ. P. 65(b)(4), it did not do so here.  Rather, the Court requested that Plaintiffs respond to Defendant's improper motion to dissolve the Preliminary Injunction only *after* the motion was filed.  There was no notice.

[2] Similarly, Defendant's request that this Court "dismiss this case," ECF No. 96 at 2, is unquestionably improper.  A tacked-on clause asking this Court to dismiss this case, in lieu of an actual motion to dismiss, is not proper.  In the event the Court does consider this request an appropriate mechanism by which to move for a dismissal and determine that dismissal is appropriate, Plaintiffs are again entitled to 21 days in which to respond. Moreover, even if the Court were inclined to consider the request and dismiss the case, the Court should dismiss this case *without* prejudice.  Dismissal without prejudice would not be prejudicial to Defendant because Defendant has expended little effort in this case and there is no "plain legal prejudice" that would result from a dismissal without prejudice.  *See Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)

make any ruling on the preliminary injunction in this case based on *Dobbs* prior to the issuance of the judgment and the expiration of the 25 days for a petition for rehearing to be filed.

### c. The Equities Do Not Favor an "Emergency" Motion to Vacate the Injunction

Defendant has not, and cannot, demonstrate why any "emergency" exists here such that the Court should decide Defendant's motion in an expedited manner–and in particular, on less than one day's notice. If anything, Defendant's motion *creates* an emergency for Plaintiffs and all Ohioans seeking abortion care when there is no need to do so. The lengthy *Jackson Women's Health Organization* decision was entered today. Practitioners, legal scholars, and reproductive care practitioners are still reading the opinion and debating its implications. A motion to vacate the injunction mere hours after the opinion was entered has already created confusion among Plaintiffs and their patients, and the Court lifting the preliminary injunction on an emergency basis would sow chaos, as Plaintiffs are serving patients today and have patients scheduled to receive care in the coming days.

Indeed, even the Rule on which Defendant improperly relies notes that, when faced with a motion to dissolve, the Court should "hear and decide the motion as promptly as justice requires." Fed. R. Civ. P. 65(b)(4). Justice requires that Plaintiffs, and this Court, have more time to understand the implications of *Jackson Women's Health Organization*. There is no reason to depart from this Court's usual procedures.

For all the reasons stated above, this Court should deny Defendant's motion.

Respectfully submitted,

/s/ B. Jessie Hill
B. Jessie Hill #0074770
Trial Attorney for Plaintiffs
Cooperating Counsel for the American Civil
Liberties Union of Ohio Foundation
American Civil Liberties Union of Ohio
4506 Chester Ave.
Cleveland, OH 44103
(216) 368-0553
(216) 368-2086 (fax)
bjh11@cwru.edu

*Counsel for Plaintiffs Preterm-Cleveland and Northeast Ohio Women's Center*

Freda J. Levenson #0045916
American Civil Liberties Union of Ohio Foundation
4506 Chester Avenue
Cleveland, OH 44103
(614) 586-1972 x 125
flevenson@acluohio.org

*Counsel for Plaintiffs Planned Parenthood Southwest Ohio Region, Planned Parenthood of Greater Ohio, Sharon Liner, M.D., Women's Med Group Professional Corporation*

Rachel Reeves*
Brigitte Amiri*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004 (212) 549-2633
(212) 549-2650 (fax)
rreeves@aclu.org bamiri@aclu.org

Carrie Y. Flaxman*
Planned Parenthood Federation of America
1110 Vermont Ave NW, Suite 300
Washington, DC 20005
(202) 973-4800
(202) 296-3480 (fax)
carrie.flaxman@ppfa.org

Melissa Cohen*
Planned Parenthood Federation of America
123 William Street, Floor 9
New York, NY 10038 (212) 541-7800

(212) 247-6811 (fax)
melissa.cohen@ppfa.org

*Counsel for Plaintiffs*
*Planned Parenthood Southwest Ohio Region,*
*Planned Parenthood of Greater Ohio,*
*and Sharon Liner, M.D*

*\*Counsel admitted pro hac vice*