UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Preterm-Cleveland, *et al.*, | ) |
| Plaintiffs, | ) Case No.: 1:19-cv-00360 |
| vs. | ) Judge Michael R. Barrett |
| David Yost, *et al.*, | ) |
| Defendants. | ) |

## ORDER DISSOLVING JULY 3, 2019 PRELIMINARY INJUNCTION (DOC. 29)

This matter is before the Court on the emergency motion, filed by Ohio Attorney General Dave Yost pursuant to Fed. R. Civ. P. 65(b)(4), to dissolve the Preliminary Injunction (Doc. 29) entered on July 3, 2019. (Doc. 96). Defendant Yost also asks that this case be dismissed. (*Id.* PAGEID 1614).

Yost argues that the cases on which the Court relied to enter injunctive relief were overruled today in *Dobbs v. Jackson Women's Health Org.*, No. 19-1392, --- S.Ct. ---, 2022 WL 2276808 (June 24, 2022) and, applying the standard of review decided by *Dobbs*, a rational basis supports the Heartbeat Protection Act (codified at Ohio Rev. Code § 2919.195).

Plaintiffs oppose the motion (Doc. 98), explaining that Rule 65(b)(4) applies only when temporary restraining orders are issued without notice. Further, Plaintiffs maintain that the Court should delay ruling until the expiration of the 25-day period for a petition for rehearing to be filed under Sup. Ct. R. 45.1.3. Finally, Plaintiffs contend that the equities do not favor an expedited ruling given that "[p]ractitioners, legal scholars, and

1

reproductive care practitioners are still reading the [*Dobbs*] opinion and debating its implications." (*Id.* PAGEID 1622).

Defendant Yost replies (Doc. 99) that none of these arguments are meritorious and the Court agrees. Injunctions may be dissolved under Fed. R. Civ. P. 60(b)(5). *See Associated Builders & Contractors v. Michigan Dep't of Lab. & Econ. Growth*, 543 F.3d 275, 278 (6th Cir. 2008) ("Under Rule 60(b)(5) of the Federal Rules of Civil Procedure, a court may dissolve an injunction if it 'is based on an earlier judgment that has been reversed or vacated' or if applying the injunction prospectively 'is no longer equitable.'"). And while the mandate in *Dobbs* will not issue for 25 days, in the Court's view the opinion's precedential value for other litigants has attached. Moreover, the equities clearly favor immediate action. *Dobbs* expressly overruled *Roe v. Wade*, 410 U.S. 113 (1973) and *Planned Parenthood of Southeastern Pa. v. Casey*, 505 U.S. 833 (1992), the two seminal cases upon which the Court relied to find a likelihood of success on the merits, which, in turn, supported injunctive relief. As the Sixth Circuit has explained, "[t]he principle that an equitable remedy should be enforced only so long as the equities require is one that is deeply rooted in the traditions of common law." *In re Detroit Auto Dealers Ass'n, Inc.*, 84 F.3d 787, 789 (6th Cir. 1996). "A court has continuing jurisdiction to terminate or modify an injunction." *Id.*

> Injunctions are one of the law's most powerful weapons. Ongoing injunctions should be dissolved when they no longer meet the requirements of equity. The law changes and clarifies itself over time. Neither the doctrines of res judicata or waiver nor a proper respect for previously entered judgments requires that old injunctions remain in effect when the old law on which they were based has changed.

2

*Id.* (quoting *Sweeton v. Brown,* 27 F.3d 1162, 1166–67 (6th Cir.1994) (en banc)). *See generally Rufo v. Inmates of Suffolk County Jail,* 502 U.S. 367, 388 (1992) (recognizing the necessity to modify or dissolve injunctions if "the statutory or decisional law has changed to make legal what the decree was designed to prevent").

Defendant Yost's emergency motion (Doc. 96) is **GRANTED in PART**, such that the Preliminary Injunction (Doc. 29) entered on July 3, 2019 is hereby **DISSOLVED**. However, the Court declines to dismiss this case at this juncture. Rather, a status conference will be set by separate notice to discuss further proceedings.

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court